UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
Rene Orlando DE LA ROSA IZAGUIRRE,

                Petitioner,

      - against -

Todd BLANCHE, *in his official capacity as*
*Attorney General of the United States; et al.,*

             Respondents.
-------------------------------------------------------x

**ORDER TO SHOW CAUSE &**
**TEMPORARY RESTRAINING ORDER**
26-CV-2911 (PKC)

PAMELA K. CHEN, United States District Judge:

Upon review of Petitioner Rene Orlando De la Rosa Izaguirre's Emergency Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), it is hereby ordered that:

1. Respondents shall, **by 6:00 p.m. on May 20, 2026**, show cause in writing why a writ of habeas corpus should not be issued and why Petitioner should not be immediately released. *See* 28 U.S.C. § 2243. If Respondents contend that Petitioner is detained under a statute other than 8 U.S.C. § 1226(a) ("§ 1226(a)"), their response must state what distinguishes Petitioner's case from the Second Circuit's holding in *Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044, at *23 (2d Cir. Apr. 28, 2026). In addition, Respondents are directed to state what facts, if any, distinguish this case from *Inestroza Carbajal v. Frazier*, No. 26-CV-2778 (SJB), 2026 WL 1309265 (E.D.N.Y. May 12, 2026), in which the court recognized that, when detaining a person pursuant to § 1226(a), "ICE [must] engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause," (*id.* at *3 (quoting *Chipantiza-Sisalema v. Francis*, No. 25-CV-5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025))), and held that the respondents violated due process by detaining the petitioner "without an initial custody determination," (*id.* at *4); *see also Gopie v. Lyons*, No. 25-

CV-05229 (SJB), 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025) (granting a writ of habeas corpus because the petitioner was arrested and respondents only issued the NTA three days later). Respondents are further directed to include "affidavits and exhibits . . . to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition." *See Belqui M. v. Bondi*, No. 26-CV-0308 (MJD) (SGE), 2026 WL 185203, at *1 (D. Minn. Jan. 21, 2026), *report and recommendation adopted*, 2026 WL 194071 (D. Minn. Jan. 25, 2026). Respondents are also directed to address:

a. Where Petitioner is currently being detained.

b. The basis for Petitioner's stop on May 14, 2026, which Petitioner alleges was unlawfully race-based.  (*See* Pet., Dkt. 1, ¶ 21); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, No. 25-CV-3417 (BAH), 2025 WL 3465518, at *13 (D.D.C. Dec. 2, 2025) (drawing from Fourth Amendment standard and granting preliminary injunction upon finding likelihood of plaintiffs' success on the merits, where plaintiffs challenged Department of Homeland Security's practice of warrantless arrests on statutory grounds).

2. To preserve the Court's jurisdiction pending a ruling on the Petition, Respondents are **restrained from removing Petitioner from the United States** until further order of this Court. *See M.K. v. Joyce*, No. 25-CV-1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (collecting cases ordering same).

3. Furthermore, considering Petitioner's emergency motion for a temporary restraining order, (*see* Dkt. 2), and his interest in participating in proceedings before this Court and maintaining adequate access to legal counsel, **Petitioner's motion is GRANTED** and Respondents are **restrained from transferring Petitioner to a facility outside of this District, the Southern District of New York, or the District of New Jersey** absent further order of this

2

Court.  *See Samb v. Joyce*, No. 25-CVi6374 (DEH) (S.D.N.Y. Aug. 4, 2025) (Dkt. 3) (collecting cases ordering same); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 15, 2026
       Brooklyn, New York